**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| KEYLESS LICENSING LLC,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC. and SAMSUNG ELECTRONICS CO., LTD.,<br><br>Defendants. | Civil Action No.: 2:24-cv-00464-JRG<br><br>JURY TRIAL DEMANDED |

**PLAINTIFF'S MOTION TO COMPEL SAMSUNG'S COMPLETE RESPONSE TO INTERROGATORY NO. 1**

## TABLE OF CONTENTS

**I.** INTRODUCTION ........ 1

**II.** BACKGROUND ........ 1

**III.** LEGAL STANDARD ........ 3

**IV.** ARGUMENT ........ 4

**A.** Samsung's Interrogatory No. 1 Response Fails to Comply with Rule 33 ........ 4

**B.** Samsung's Failure to Supplement Its Response Violates Rule 26(e) ........ 6

**C.** The Requested Information Is Relevant and Proportional ........ 7

**V.** CONCLUSION ........ 7

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Ayers v. Cont'l Cas. Co.*,
240 F.R.D. 216 (N.D.W. Va. 2007) ........ 4

*Collins v. Nissan N. Am., Inc.*,
No. 2:11-cv-428-JRG, 2013 WL 1950002 (E.D. Tex. May 9, 2013) ........ 3

*Coughlin v. Lee*,
946 F.2d 1152 (5th Cir. 1991) ........ 3

*CyWee Grp. Ltd. v. Samsung Elecs. Co.*,
No. 2:17-cv-00140-RWS-RSP, 2018 WL 4112055 (E.D. Tex. Jan. 24, 2018) ........ 3

*Govas v. Chalmers*,
965 F.2d 298 (7th Cir. 1992) ........ 4

*Laserdynamics, Inc. v. Asus Computer Int'l*,
No. 2:06-cv-348-CE, 2009 WL 153161 (E.D. Tex. Jan. 21, 2009) ........ 6

*Mayes v. Simpson*,
No. 6:14-cv-811-MHS-JDL, 2016 WL 8223976 (E.D. Tex. Jan. 12, 2016 ........ 4

*Meltzer/Austin Rest. Corp. v. Benihana Nat'l Corp.*,
No. 1:11-cv-542, 2013 WL 2607589 (W.D. Tex. June 10, 2013) ........ 4

*Mobile Equity Corp. v. Walmart Inc.*,
No. 2:21-cv-00126-JRG-RSP, 2022 WL 36170 (E.D. Tex. Jan. 4, 2022) ........ 5

*Personal Audio, LLC v. Apple, Inc.*,
No. 9:09-cv-111-RC, 2010 WL 9499679 (E.D. Tex. June 1, 2010) ........ 5

*ROY-G-BIV Corp. v. Fanuc Ltd.*,
No. 2:07-cv-418-DF, 2008 WL 11346476 (E.D. Tex. July 15, 2008)..4*Ultravision Techs., LLC v. Govision, LLC*,
No. 2:18-cv-00100-JRG-RSP, 2020 WL 10692707 (E.D. Tex. July 18, 2020) ........ 3

*Washington v. M. Hannah Const. Inc.*,
299 F. App'x 399 (5th Cir. 2008) ........ 4

*Weatherford Tech. Holdings, LLC v. Tesco Corp.*,
No. 2:17-cv-00456-JRG, 2018 WL 4620634 (E.D. Tex. Apr. 27, 2018) ........ 3

**Rules**

Fed. R. Civ. P. 26(b) ........ 4

Fed. R. Civ. P. 26(b)(1) ........ 9

Fed. R. Civ. P. 26(e) ........................................................................................................ 8
Fed. R. Civ. P. 33(b)(3)................................................................................................ 1, 4, 6
Fed. R. Civ. P. 33(d) ............................................................................................... passim
Fed. R. Civ. P. 33(d)(1)........................................................................................................ 7
Fed. R. Civ. P. 37 ............................................................................................................ 1
Fed. R. Civ. P. 37(a)(3)(B)(iii) ........................................................................................... 3
Fed. R. Civ. P. 37(a)(5)(A) ................................................................................................ 5

## I. INTRODUCTION

Plaintiff Keyless Licensing LLC ("Keyless") moves pursuant to Federal Rule of Civil Procedure 37 and Paragraph 9 of the Discovery Order to compel Defendants Samsung Electronics America, Inc. and Samsung Electronics Co., Ltd. (collectively, "Samsung") to provide a complete and compliant response to Interrogatory No. 1. Keyless propounded this interrogatory on November 22, 2024 seeking important information about Samsung's products, servers, software, or services that are alleged to infringe the three asserted patents. Specifically, Interrogatory No. 1 requires Samsung to identify: (1) product names and internal/external codes or project names, (2) first and last dates of U.S. sale, use, import, or offer for sale, (3) Bates numbers for relevant categories of documents, and (4) user interface software versions used, and to provide this information in a chart ("Exhibit A"). Ex. 1 at 1.

Samsung's response, served on January 13, 2025, is utterly deficient, failing to provide specific information, improperly relying on Rule 33(d) by pointing to **966,888 pages** of documents without sufficient detail, and omitting entire required columns of the chart. Ex. 1 at 2-5. This non-compliance violates Rule 33(b)(3)'s mandate for complete, written, and sworn answers and obstructs Keyless' ability to prepare its case at this advanced stage, with fact discovery set to close November 14, 2025. Keyless respectfully requests that the Court enter an order compelling Samsung to provide a full and complete response to Interrogatory No. 1.

## II. BACKGROUND

On June 20, 2024, Keyless filed suit for patent infringement against Samsung asserting infringement of U.S. Patent Nos. 9,304,602 ("the '602 patent"), 10,976,922 ("the '922 patent"), and 11,503,144 ("the '144 patent") (the "Asserted Patents"). The patented technology pertains to the design and functionality of Samsung smartphones and tablets. The '602 patent includes capturing input from the edges of a mobile device's touch-sensitive display, enhancing user

interaction on devices with limited-size touchscreens. It discloses a system for receiving and processing user input in a flexible, efficient, and user-friendly manner. The '922 patent addresses systems for managing user input on mobile devices, specifically enabling the simultaneous use of multiple applications on a touchscreen with an on-screen keyboard. The '144 patent encompasses both the physical design and input-processing technology of mobile devices, describing a rectangular-shaped housing with seamlessly integrated components and a system for handling user input flexibly and efficiently.

This case is at an advanced stage. On October 9, 2024, Keyless served its Disclosure of Asserted Claims and Infringement Contentions under P.R. 3-1 and 3-2. Dkt. 47-1. On November 22, 2024, Keyless propounded its first set of interrogatories, and Samsung responded on January 13, 2025. On January 29, 2025, Samsung served its Preliminary Invalidity Contentions and document production pursuant to P.R. 3-3 and 3-4, along with its Subject Matter Eligibility Contentions. The parties exchanged proposed claim construction terms on June 13, 2025. The parties are focused on claim construction and discovery, and the Markman hearing is upcoming on October 17, 2025. Fact discovery closes not long from now on November 14, 2025. And trial is scheduled for April 20, 2026. Dkt. 43.

Keyless' Interrogatory No. 1, propounded on November 22, 2024, explicitly requested Samsung to identify all products, servers, software, or services made, used, sold, offered for sale, or imported in the U.S. that include functionalities in Keyless' infringement contentions, with specific data elements detailed in the accompanying Exhibit A template. *See* Ex. 1 at 1. These elements include: (1) name and internal/external code or project name, (2) first and last U.S. sale/use/import/offer dates, (3) Bates numbers for related documents, and (4) software version(s) used. *Id*. Samsung's January 13, 2025 response, however, fails to meet these requirements, and its reliance on Federal Rule of Civil Procedure 33(d) to point to 966,888 pages of documents is

improper. *Id*. at 2-5. Despite requests for proper supplementation, Samsung has not committed to doing so and instead is stalling the discovery process.

## III. LEGAL STANDARD

Under Federal Rule of Civil Procedure 37, a party may move to compel discovery when the opposing party fails to answer interrogatories or provides incomplete or evasive responses, which are treated as a failure to respond. Fed. R. Civ. P. 37(a)(3)(B)(iii), (a)(4). The Eastern District of Texas interprets discovery rules broadly and liberally to promote full disclosure and ensure parties are adequately informed. *Collins v. Nissan N. Am., Inc.*, No. 2:11-cv-428-JRG, 2013 WL 1950002, at *1 (E.D. Tex. May 9, 2013). District courts exercise broad discretion in resolving discovery disputes. *Weatherford Tech. Holdings, LLC v. Tesco Corp.*, No. 2:17-cv-00456-JRG, 2018 WL 4620634, at *1 (E.D. Tex. Apr. 27, 2018).

A party seeking to compel discovery must demonstrate that the requested materials are relevant to a claim or defense and proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1); *Weatherford*, 2018 WL 4620634, at *1. Relevance is broadly construed to include "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Ultravision Techs., LLC v. Govision, LLC*, No. 2:18-cv-00100-JRG-RSP, 2020 WL 10692707, at *2 (E.D. Tex. July 18, 2020) (quoting *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991)). Once relevance and proportionality are established, the burden shifts to the resisting party to demonstrate that the discovery is irrelevant, overly broad, unduly burdensome, or oppressive. *Weatherford*, 2018 WL 4620634, at *1. The resisting party must make specific objections and show that the discovery fails the proportionality requirements of Rule 26(b). *CyWee Grp. Ltd. v. Samsung Elecs. Co.*, No. 2:17-cv-00140-RWS-RSP, 2018 WL 4112055, at *2 (E.D. Tex. Jan. 24, 2018).

Federal Rule of Civil Procedure 33(b)(3) requires that interrogatories be answered

"separately and fully in writing under oath." Responses that merely incorporate other materials by reference or generally point to documents are insufficient. *See Meltzer/Austin Rest. Corp. v. Benihana Nat'l Corp.*, No. 1:11-cv-542, 2013 WL 2607589, at *4 n.5 (W.D. Tex. June 10, 2013) (holding that deposition testimony does not excuse the obligation to provide proper interrogatory responses); *Ayers v. Cont'l Cas. Co.*, 240 F.R.D. 216, 226 (N.D.W. Va. 2007) (finding that referencing documents is inappropriate when the interrogatory requires specific knowledge or judgment). Under Rule 33(d), a party may respond to an interrogatory by producing business records if the burden of deriving the answer is substantially the same for both parties. *ROY-G-BIV Corp. v. Fanuc Ltd.*, No. 2:07-cv-418-DF, 2008 WL 11346476, at *6 (E.D. Tex. July 15, 2008) (citing *Govas v. Chalmers*, 965 F.2d 298, 302 (7th Cir. 1992)). However, such responses must specify the records "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." Fed. R. Civ. P. 33(d)(1).

If a motion to compel is granted, Rule 37(a)(5)(A) mandates that the court award the movant reasonable expenses incurred in making the motion, including attorney's fees, unless: (1) the movant failed to attempt in good faith to obtain the discovery without court intervention; (2) the non-disclosure was substantially justified; or (3) other circumstances render an award unjust. Fed. R. Civ. P. 37(a)(5)(A); *Washington v. M. Hannah Const. Inc.*, 299 F. App'x 399, 402 (5th Cir. 2008); *see also Mayes v. Simpson*, No. 6:14-cv-811-MHS-JDL, 2016 WL 8223976, at *3 (E.D. Tex. Jan. 12, 2016) (emphasizing the mandatory nature of the award absent exceptions).

## IV. ARGUMENT

### A. Samsung's Interrogatory No. 1 Response Fails to Comply with Rule 33

Rule 33(b)(3) mandates that interrogatory responses be clear, complete, and directly responsive. Samsung's response to Interrogatory No. 1 falls far short of this standard. The Exhibit A template provided by Keyless with Interrogatory No. 1 was designed to elicit precise,

organized information critical to identifying the scope of accused products in the United States. Ex. 1 at 1. Yet, Samsung's response omits entire columns of requested information, including:

- Internal or External Code/Project Numbers: Samsung omitted this column, despite its necessity for identifying specific products and their development history.
- U.S. Sale/Use Dates: Samsung failed to provide first and last dates of U.S. sale, use, import, or offer for sale, which are essential for assessing the scope and timeline of alleged infringement.
- Bates Numbers for Relevant Documents: Samsung omitted Bates numbers for technical, marketing, or survey materials, hindering Keyless' ability to efficiently analyze relevant evidence.

Instead, Samsung's Exhibit A only includes columns for "Accused Product," "Marketing Name(s)," "UI Platform," and "S/W Platform," ignoring requested data elements. Ex. 1 at 5. This selective response violates Rule 33(b)(3)'s requirement to provide full and direct responses.

Rather, Samsung's attempt to rely on Rule 33(d) to refer Keyless to **966,888 pages** of documents to glean the requested information is improper.[1] Rule 33(d)(1) permits a responding party to produce business records in lieu of a narrative answer only if the records are specified "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could." But Samsung's vague reference to vast document ranges fails this standard. Courts have consistently rejected such tactics. As held in *ROY-G-BIV Corporation*, 2008 WL 11346476, at *6, a responding party "may not avoid answers by imposing on the interrogating party a mass of business records from which the answers cannot be ascertained by a person

[1] Samsung's response to Interrogatory No. 1 cites the following Bates ranges subject to Rule 33(d): SAM-KEY_00979943 - SAM-KEY_00979946 (4 pages), SAM-KEY_00007103 - SAM-KEY_00007294 (192 pages), SAM-KEY_00007560 - SAM-KEY_00008186 (627 pages), and SAM-KEY_00013878 - SAM-KEY_00979942 (966,065 pages). *See* Ex. 1 at 4.

unfamiliar with them." In *Mobile Equity Corp. v. Walmart Inc.*, No. 2:21-cv-00126-JRG-RSP, 2022 WL 36170, at *2 (E.D. Tex. Jan. 4, 2022), the court found Walmart's reliance on Rule 33(d) improper when it provided voluminous transaction reports instead of the requested company-wide totals, obstructing the discovery process. Similarly, in *Personal Audio, LLC v. Apple, Inc.*, No. 9:09-cv-111-RC, 2010 WL 9499679, at *3 (E.D. Tex. June 1, 2010), the court held that Rule 33(d) did not justify Apple's failure to fully answer interrogatories about its own products, as the responding party is in a superior position to provide such information.

Here, Interrogatory No. 1 concerns Samsung's own products, servers, software, and services—information uniquely within its control. As in *Laserdynamics, Inc. v. Asus Computer Int'l*, No. 2:06-cv-348-CE, 2009 WL 153161, at *2 (E.D. Tex. Jan. 21, 2009), it is "implausible" for Samsung to claim that Keyless is on equal footing to decipher how Samsung's products operate or to extract specific data (*e.g.*, project codes, sale dates, or Bates numbers) from nearly one million pages of documents. Samsung's failure to specifically identify which documents contain the requested information violates the specificity requirement of Rule 33(d) and places an undue burden on Keyless, contrary to the principles of fair discovery.

### B. Samsung's Failure to Supplement Its Response Violates Rule 26(e)

In this Court, it is well understood that parties have an ongoing duty to timely supplement discovery responses and production of relevant evidence. Samsung's refusal to promptly supplement its January 13, 2025 response, despite releasing additional infringing smartphones, further compounds its non-compliance. Rule 26(e) imposes a duty to supplement discovery responses when a party learns they are incomplete or incorrect. Samsung's inaction, coupled with its failure to provide a date certain for supplementation, prejudices Keyless' ability to assess the full scope of infringing products and prepare its case. This ongoing violation reinforces the need

for a court order compelling Samsung to fully complete Exhibit A with all requested data elements, including updates for newly released products.

### C. The Requested Information Is Relevant and Proportional

The information sought in Interrogatory No. 1 is undeniably relevant and proportional under Rule 26(b)(1). It directly pertains to identifying accused products and infringing functionalities, which are central to Keyless' claims. The Exhibit A template's structured format was designed to streamline discovery by eliciting precise details about product names, project codes, U.S. market presence, and supporting documentation. Samsung's refusal to comply with this clear directive frustrates the discovery process and hinders Keyless' ability to build its case.

## V. CONCLUSION

For at least the reasons mentioned above, Keyless respectfully requests that the Court grant this Motion to Compel Samsung to provide a full and complete response to Interrogatory No. 1.

July 3, 2025

/s/ *Robert F. Kramer*
Robert F. Kramer
CA Bar No. 181706 (Admitted E.D. Texas)
rkramer@krameralberti.com
David Alberti
CA Bar No. 220265 (Admitted E.D. Texas)
dalberti@krameralberti.com
Sal Lim
CA Bar No. 211836 (Admitted E.D. Texas)
slim@krameralberti.com
James Barabas (Pro Hac Vice)
NY Bar No. 3911484
jbarabas@krameralberti.com
Zachariah A. Higgins (Pro Hac Vice)
CA Bar No. 190225
zhiggins@krameralberti.com
Curt Holbreich (Admitted E.D. Texas)
CA Bar No. 168053
cholbreich@krameralberti.com
Jeremiah A. Armstrong
CA Bar No. 253705 (*pro hac vice*)
jarmstrong@krameralberti.com
**KRAMER ALBERTI LIM**
**& TONKOVICH LLP**
950 Tower Lane, Suite 1725

Foster City, CA 94404
Telephone: (650) 825-4300
Facsimile: (650) 460-8443

Nicole Glauser
Texas Bar No. 24050694
nglauser@krameralberti.com
**KRAMER ALBERTI LIM & TONKOVICH LLP**
500 W 2nd Street, Suite 1900
Austin, TX 78701
Telephone: (737) 256-7784
Facsimile: (650) 460-8443

Deron R. Dacus
**THE DACUS FIRM, P.C.**
Texas Bar No. 00790533
ddacus@dacusfirm.com
821 ESE Loop 323, Suite 430
Tyler, TX 75701
Telephone: (903) 705-7233
Facsimile: (903) 581-2543

*Attorneys for Plaintiff Keyless Licensing LLC*

## CERTIFICATE OF SERVICE

I certify that the foregoing document is being served via the Court's CM/ECF system on July 3, 2025, on all counsel of record who have consented to electronic service, and any confidential versions served by electronic mail.

*/s/ Robert F. Kramer*
Robert F. Kramer

## CERTIFICATE OF CONFERENCE

Counsel has complied with the meet and confer requirements of Local Rule CV-7(h). Pursuant to Local Rule CV-7(i), counsel for Plaintiff conferred with counsel for Defendants on June 26, 2025 in a good-faith effort to resolve the matter presented herein, and counsel for Defendants indicated their opposition.

*/s/ Robert F. Kramer*
Robert F. Kramer